UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **REDHAWK MEDICAL PRODUCTS & SERVICES LLC** | **CASE NO. 6:25-CV-00598** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **ADVANCED ENERGY GROUP LLC ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## ORDER

Before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. 31), which Plaintiff, Redhawk Medical Products & Services, LLC, opposed (Rec. Doc. 33).

Redhawk filed this suit based on diversity jurisdiction in May 2025 against three entities seeking damages following alleged fraudulent transactions for personal protective equipment. (Rec. Doc. 1). In response to Defendants' first motion to dismiss, Redhawk filed an amended complaint against the same three entities in July 2025. (Rec. Doc. 27). Defendants moved to dismiss the First Amended Complaint on a single ground: the First Amended Complaint names as defendant Coastal Group Partners, LLC ("CGP") as a Wyoming LLC with a sole member, Michael Zarkovacki, a citizen of South Carolina (Rec. Doc. 27, ¶II.1.d); however, the amended complaint also states, "Upon information and belief, N95 holds a 1/3

ownership interest in [CGP]." (Rec. Doc. 27, ¶ IV.3). Defendants maintain the complaint is thus inconsistent and cannot support diversity subject matter jurisdiction.

In opposition, Redhawk explains that CGP's citizenship information has changed since the 2021 transactions made the basis of the suit and that N95 Shield LLC is defunct, causing Zarkovacki to take back all ownership interest in CGP, as reflected in Defendants' Diversity Jurisdiction Disclosure Statement (Rec. Doc. 33, p. 6-7, referencing Rec. Doc. 19). Redhawk requests leave to amend the complaint to clarify CGP's citizenship history. The Court finds that a second amendment is warranted to clarify the record and to aid the Court in a determination of subject jurisdiction. Indeed, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C.A. § 1653. "§ 1653 is to be broadly construed to avoid dismissals of actions on purely 'technical' or 'formal' grounds." *Whitmire v. Victus Ltd.,* 212 F.3d 885, 887 (5th Cir. 2000). The Court declines to authorize jurisdictional discovery at this time and notes that subject matter jurisdiction may be challenged at any point in the proceedings if evidence reveals that any defendant was not diverse at the time Redhawk filed suit. See *id* (finding that the district court abused its discretion in not allowing the plaintiff to amend to properly allege jurisdictional allegations).

IT IS ORDERED that Plaintiff, Redhawk Medical Products & Services, LLC, shall file an amended complaint by September 24, 2025 to clarify the citizenship of Coastal Group Partners, LLC.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (Rec. Doc. 31) is DENIED WITHOUT PREJUDICE. Defendants may re-urge the motion if warranted after Plaintiff files an amended complaint.

Signed at Lafayette, Louisiana on this 8th day of September, 2025.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE